## THE ATCHISON & NEBRASKA RAILROAD COMPANY v. WILLIAM M. GOUGH.

1. RAILROAD RIGHT-OF-WAY; *Damages to Farm as an Entirety.* G. was the owner of a contiguous and compact tract of 240 acres, used by him as one farm. Independence creek ran in a curved and irregular line through the southwestern portion of the farm. This creek was the boundary line between Atchison and Doniphan counties, and by it some 60 acres of the farm were in Atchison and the balance in Doniphan county. Proceedings were instituted in Doniphan county to condemn a right-of-way for the A. & N. Rld. Co. through this farm. The right-of-way crossed the farm only in Doniphan county, and touched no part of the land in Atchison. By whom the condemnation proceedings were instituted, and under what arrangement between the parties, does not appear. The commissioners in their report, fixed the value of the land taken, and also awarded damages to the balance of the farm as an entirety. The amount of this award was deposited by the railroad company with the treasurer of Doniphan county. On a trial of an appeal from this award to the district court of Doniphan county, *held*, that such court did not err in permitting an inquiry as to the damages to the farm as a whole, including that part in Atchison county, and in rendering judgment for such damages.

2. —————— *Farm-Crossings.* The railroad company is not required by statute to go to the expense of constructing and maintaining farm-crossings; and in an assessment of land damages, the jury are justified in taking into account the probable expense of constructing and maintaining reasonable farm-crossings.

### *Error from Doniphan District Court.*

AT the March Term, 1882, of the district court, plaintiff *Gough* recovered a judgment against the defendant *Railroad Company,* which brings the case here. The opinion states the facts.

*W. W. Guthrie,* for plaintiff in error.

*A. Perry,* and *Everest & Waggener,* for defendant in error.

The opinion of the court was delivered by

BREWER, J.: The defendant in error was the owner of the southwest quarter and the south half of the northwest quarter

of section 6, township 5, range 21. These lands formed a Statement of facts. contiguous tract, and were all used for a single purpose as one farm. In other words, the defendant in error owned a single farm of 240 acres — the land all compact, contiguous, and devoted to the one use. Through this single farm, the railroad, the plaintiff in error, condemned a right-of-way. This right-of-way ran through the farm, entering on the south line of the southwest quarter, and passing out on the north line of the south half of the northwest quarter. The amount of land actually taken was $9\frac{42}{100}$ acres, appraised by the commissioners at $567. The damages to the balance of the farm were by such commissioners placed at $500. Independence creek, which at this place is the boundary line between Atchison and Doniphan counties, runs in a curved but irregular line through said southwest quarter-section, leaving on the southwest side some 50 or 60 acres in Atchison, and the balance of the farm entirely in Doniphan county. The land actually taken for the right-of-way is wholly in the latter county. From the award made by the commissioners, defendant in error appealed to the district court of Doniphan county, and upon the trial of such appeal before a jury, recovered a verdict and judgment of $2,200. The condemnation proceedings were had in Doniphan county, and the appeal was made to the district court of Doniphan county. And the first and principal question arises upon the claim of the railroad company, that no damages could be awarded in this proceeding for any injuries done to that portion of the defendant in error's farm lying in Atchison county. The argument is, that the jurisdiction of the district court of Doniphan county is limited by the territorial boundaries of that county; that it therefore has no power to inquire into injuries done to plaintiff's land in another county; that these condemnation proceedings are purely statutory, and contemplate a separate action in each county, and that therefore this judgment would be no bar to a proceeding by plaintiff in the district court of Atchison county to recover damages for injuries to his land in that county, caused by the construc-

tion of the railroad. We think the ruling of the district court was correct. Gough's land constituted a single farm; it was an entirety, and as such he was entitled to recover damages done to it as a whole. See the case of *Rld. Co. v. Merrill*, 25 Kas. 421, in which an award of damages to a tract of 960 acres was sustained, although the railroad track crossed but a single quarter-section, and that separated from the balance of the land by a public highway, on the ground that the entire body of land was used for a single purpose — as a stock ranch — and that the plaintiff was entitled to recover damages to such ranch as an entirety. See also, *Reisner v. Depot Company*, 27 Kas. 382, in which the owner of two adjacent lots was held entitled to recover damages to the two lots, although only a portion of one was actually taken, on the ground that the two were used for a single purpose — that of a hotel yard. That the county line ran through Gough's farm, did not destroy the singleness of its use, or the fact that all the lands constituted but one farm. It was the farm as a farm, and not the separate acres of land, which was injured. The extent of the injury in such a case depends largely upon the relation of the different parts of the farm to each other, the situation of the buildings in respect to water, pasture, timber and field. No adequate adjustment of compensation can be made except by treating the farm as a whole. This is obviously contemplated by both constitution and statute. Again, under the statute and the facts as they appear from the testimony, no proceeding could be had in Atchison county. For the statute only authorizes condemnation proceedings in a county in which the corporation proposes to construct its road; and no part of this proposed road is shown to run through the county of Atchison. So that unless Gough can recover in this action, he can recover only a partial amount of the injury to his farm. Still again, the district court is a court of general jurisdiction. Both Gough and the railroad company were parties to this action, and if by the proceedings it affirmatively appears that Gough has recovered all the damages done to his entire farm,

*1. Railroad right-of-way; damages to farm as an entirety.*

such judgment would be a bar to any claim which he might hereafter make for damages to any particular portion. And still further, the full record of the condemnation proceedings is not before us. We do not know who instituted them, or upon what arrangement or agreement they were carried on. So much of the record as is preserved shows that the commissioners awarded damages to the entire farm, and not simply to that portion in Doniphan county; and that the railroad company deposited the amount of that award with the county treasurer of Doniphan county. If it thus assented to the adjustment in Doniphan county of the damages to the entire farm, it would seem as though thereafter it could not question the validity of an inquiry into such damages. Our conclusion therefore is, that the ruling of the district court was correct and must be sustained. We do not carry our decision beyound the facts of this case. It is unnecessary to determine what would be proper proceedings where a farm lies in two counties, and the railroad track runs through portions of it in each county. Nor is it necessary to determine what would be the rule of compensation if, as suggested by counsel for plaintiff in error, a state instead of a county line divided a farm. Perhaps the doctrine that the laws of a state have no extra-territorial force would limit the scope of inquiry and the measure of compensation. Here the entire farm was within the state, all subject to its laws and entitled to its protection. The same rule of compensation exists in one county as another, and in view of the fact that the railroad track did not touch any portion of the farm in Atchison county, and that the inquiry before the commissioners extended without apparent question to the damages to the entire farm, we think that the ruling of the district court must be sustained. The case of *L. T. & S. W. Rld. Co. v. Paul*, 28 Kas. 816, disposes of plaintiff in error's second objection, that the jury were not required to separately state each fact which rendered the construction of the railroad an injury to the farm, and the amount of damage which such fact by itself wrought. That the general verdict was less than the total of the various mat-

7 — 29 KAS.

ters of damage stated by the jury, in answer to special questions, is a benefit rather than an injury to the railroad company, and therefore a matter of which it cannot complain.

So far as the instructions are concerned, we see nothing of which the railroad company could justly complain. We do not understand the one in reference to farm-crossings as implying all that counsel for plaintiff in error claims. The statute does not require the company to go to the expense of

2. Farm-crossings.

constructing farm-crossings, and the court simply instructed the jury that the probable expense of constructing and maintaining them was a matter to be considered by the jury in their estimate of damages. This does not imply that the land-owner has a right to plank the whole extent of the railroad track, and build approaches all along such track, so that he can cross any and everywhere with his teams, and that the jury are justified in giving the entire expense of such construction and maintenance as a part of the compensation of the land-owner. It implies simply that the land-owner has a reasonable right to farm-crossings at such places as the necessities of his farm demand, and as will not interfere with the paramount rights of the railroad company, and that the expense of the construction and maintenance of such reasonable crossings is a matter to be considered by the jury in fixing the amount of compensation. We see nothing else requiring notice; and no error appearing, the judgment of the district court will be affirmed.

All the Justices concurring.