CLAYTON v. THE CHICAGO, IOWA & DAKOTA R'Y CO.

1. **Railroads:** CONDEMNATION OF RIGHT OF WAY: APPEAL: VIEW BY JURY: DISCRETION OF COURT. Section 2790 of the Code leaves it to the discretion of the trial court whether or not the jury shall view the premises in controversy, and this court cannot interfere with the exercise of such discretion. So *held* in this case,—an appeal from an award by commissioners of damages for right of way for a railroad.

2. ————: RIGHT OF WAY: INSTRUCTION: EASEMENT. While the right of way for a railroad condemned under the statute is an easement, and the fee remains in the owner of the land condemned, yet it is not proper so to instruct a jury in an appeal from condemnation proceedings, unless it is made to appear that the fee, burdened with the easement, is of some determinative value to the owner, which is not ordinarily the case. *Cummings v. Des Moines & St. Louis R'y Co.*, 63 Iowa, 397; and *Hollingsworth v. Same*, Id., 443, followed.

3. ————: ————: RIGHT OF OWNER TO CROSS: INSTRUCTION. An instruction which assumes that the owner of land condemned for right of way for a railroad has a right to cross and recross it, superior to the right of the company to use it for railway purposes, is erroneous, and was properly refused in this case.

*Appeal from Hardin Circuit Court.*

THURSDAY, OCTOBER 22.

THE defendant's railroad is located over a part of the plaintiff's farm. The parties were unable to agree upon the compensation to be paid to the plaintiff for the right of way. Commissioners were selected by the sheriff to assess the damages, and they fixed the amount at the sum of $500. The plaintiff appealed from this assessment, and a trial by jury was had in the circuit court. The jury fixed the compensation at $1,000, and the defendant appeals.

*John Porter* and *C. E. Albrook*, for appellant.

*S. M. Weaver* and *B. P. Birdsall*, for appellee.

ROTHROCK, J.—After the evidence was introduced, the defendant requested the court to order the jury to be taken

1. RAILROADS: condemnation of right of way: appeal: view by jury: discretion of court.

to the farm and make a personal inspection and examination of the premises. This request was denied. The statute (Code, § 2790) provides that " whenever, in the opinion of the court, it is proper for the jury to have a view of the real property which is the subject of the controversy, * * * it may order them to be conducted in a body, under the charge of an officer, to the place," etc., that such view may be had. This provision of the law is merely directory, or rather it gives the court the option or discretion to send the jury to the place in controversy to view the premises. We cannot interfere with this discretion. It would be an exceedingly difficult matter to show that the court abused its discretion in 'refusing to make an order of this kind. It appears that in this case a map was used upon the trial, showing the farm and the right of way through it, and the witnesses described fully the situation of the premises, and we suppose the court was

correct in holding that a view of the farm was not necessary to enable the jury to understand and properly apply the evidence in this case, and reach a just determination of the rights of the parties.

II. The defendant requested the court to charge the jury as follows: "The defendant railway company, in the case at bar, by proceedings in condemnation, acquires only an easement, as it is sometimes called; or, in other words, the right only to *use* the lands taken for the purpose of constructing and operating its line of railroad, but at the same time leaves the plaintiff or the owner of the premises the right to cross and recross the line at pleasure for the purpose of going from one part to any other part of his premises, and requires the railroad company, when demanded so to do by the owner, to construct and maintain one or more crossings over or under or at grade, upon the premises or farm in question, so as reasonably to accommodate such owner." The defendant complains because the court refused to give this instruction to the jury.

2. ——: right of way : instruction: easement.

That a railroad right of way is an easement, and that the fee remains in the owner of the land condemned for railway purposes, are correct as abstract propositions of law; but they have no application in proceedings to condemn land for right of way for a railroad, except when it is made to appear that the fee burdened with the easement is of some determinative value. The theory is that the easement is to be a perpetual right, and it is the usual practice to introduce evidence in these cases, showing the full value of the land actually taken, as an item in the estimate of the damages sustained by the property owner. This is allowed upon the theory that any interest he has in the land actually appropriated is of no value. This court has held that it is not error to refuse to instruct the jury in such cases that the fee title remains in the owner. *Cummins v. Des Moines & St. Louis R'y Co.*, 63 Iowa, 397; *Hollingsworth v. Same*, Id., 443. And the jury are not warranted in estimating the compensation to

the owner upon the theory that at some time in the future the land appropriated for the right of way may cease to be used for railway purposes and revert to the owner.

We further believe that the court correctly refused the instruction, because it impliedly, at least, assumes that the

3. ——: ——: owner has a right to cross and recross the right right of own-er to cross: of way, superior to the right of the defendant to instruction. use it for the purposes of operating a railroad upon it. The owner is not invested with the right to cross the line at pleasure. Whatever right he has in that respect is subservient to the right of the railroad company to use the road in running its trains. It appears to us that the instruction was properly refused.

III. It is claimed that the compensation awarded by the jury is excessive. We think otherwise. The verdict appears to be fairly sustained by the evidence.

AFFIRMED.