THE ATCHISON, TOPEKA & SANTA FE RAILWAY CO. v. ANNA CONLON *et al.*

No. 739.* (61 Pac. 321.)

RAILROADS — *Private Crossings — Duty of Company.* A landowner, through whose farm a railroad runs which practically divides the farm, has a reasonable right to maintain farm-crossings at such places as the necessities of his farm demand, so that the same will not interfere with the paramount use of the right of way by the railroad, and the railroad company must keep and maintain gates, when necessary, in its right-of-way fence for such use.

Error from Atchison district court; W. T. BLAND, judge. Opinion filed June 6, 1900. Affirmed.

*A. A. Hurd, O. J. Wood,* and *W. Littlefield,* for plaintiff in error.

*Chas. J. Conlon,* and *W. L. Bailey,* for defendants in error.

The opinion of the court was delivered by

McELROY, J.: This action was brought by the Atchison, Topeka & Santa Fe Railway Company in the district court of Atchison county, against Anna

---

* Ordered certified to supreme court July 27, 1900.—REP.

Conlon and James Conlon, as defendants, perpetually to enjoin and restrain them from entering upon the right of way and lands of plaintiff and from removing, breaking and opening the fences enclosing its right of way.

The defendants filed an answer and cross-petition, in which, after generally denying the allegations of the petition, they admitted that the plaintiff owned and operated a line of railway across the northeast quarter of section 10, township 6, range 20, in Atchison county, and that James Conlon is the owner of the land adjoining on the north and south sides of plaintiff's right of way; and alleged that defendants own the northeast quarter of section 10, township 6, range 20, Atchison county, together with other lands, to the extent of 200 acres, which lie adjacent and form a compact tract; that the land is used for agricultural and dairy purposes; that plaintiff's line of railway crosses the land from east to west, near the center, leaving 100 acres on the south of the right of way and the same on the north; that the highway known as the Monrovia road runs east and west parallel with the right of way of plaintiff's railway, and about 100 feet south of the right of way; that defendants' buildings, house, barn and outbuildings are, and have been for forty years, on the tract of land north of the right of way; that there is no highway along or upon the tract of land north of the right of way; that the only means of reaching the highway from the north 100 acres, and the only means of passing between the north and south 100 acres of such farm, as divided by plaintiff's right of way, is by means of a private road from the dwelling-house of defendants, south across the right of way, through to the highway known as the Monrovia road; that this private roadway has

been in open and notorious use for twenty-seven years ; and that on May 4, 1897, plaintiff carried away the gates, tore up the planks upon the railway-crossing, and left the same in an impassable condition. The defendants, therefore, prayed judgment that plaintiff be required to keep and maintain a suitable crossing for defendants, including a proper and suitable gate for the convenience of those making use of the private roadway.

The plaintiffs in their reply admitted that defendants were the owners of a portion of the lands described, and that its right of way crossed the same ; denied that defendants' tract of land consisted of a compact body of 200 acres, but averred that the same had been divided by the road ; and alleged that the lands of defendants lying south of the right of way were never cultivated, but were wild woodlands and used for pasture ; that at a certain distance from the defendants' house there were other public highways, by which defendants could reach the Monrovia road and the portion of the farm south of the right of way ; that about 1878 plaintiff fenced its right of way, put in gates for the convenience of defendants, and maintained the same ; that the necessity for a private crossing had ceased to exist ; that plaintiff had elected to close the same and had closed it up, but that defendants had torn down the fence of plaintiff and opened the crossing, as set out in the petition.

The case was tried before the court, without a jury. The court found that defendants were the owners of and entitled to a right of way crossing the right of way of plaintiff at such private roadway, free from any obstruction by the plaintiff, except suitable gates in the railroad right-of-way fence. A motion for a new trial was overruled, and judgment rendered in favor

Railway Co. v. Conlon.

of defendants and against the plaintiff, that plaintiff be perpetually enjoined from placing any obstruction or impassable barriers in the way of defendants' free and uninterrupted use of said private way, or in any manner interfering with the free use thereof by defendants as a private way, except that suitable gates may be kept and maintained by the plaintiff across said way in the fence along the right of way of said plaintiff, and that plaintiff pay the costs in this action.   Plaintiff excepted, prepared its case-made, and presents the record to this court for review.

Plaintiff in error avers that the trial court erred : First, in overruling and denying the application of plaintiff perpetually to enjoin and restrain the defendants from entering upon the land of plaintiff, and from removing, breaking and opening the fence thereon ; second, in perpetually enjoining and restraining the plaintiff from placing obstructions or impassable barriers in the way of defendants' free and uninterrupted use of the private way, or in any manner interferring with the free use thereof by defendants as a private way.

The principal facts appearing from the record are as follows : On the 11th day of February, 1859, the Atchison and Pike's Peak railroad was incorporated, under an act of the legislature of the territory of Kansas ; in 1864 it condemned a right of way across the land in question 100 feet wide, and thereafter it constructed a railroad thereon.   The Central Branch Union Pacific railroad became the successor of the Atchison & Pike's Peak Railroad Company, and acquired of it all of its rights.   James Conlon became the owner of the land in question on December 14, 1870. In 1872 he and his wife conveyed the premises to one William Bowen.   On July 26, 1872, Bowen conveyed

the premises to Anna Conlon. In each of these deeds the right of way acquired by the Atchison & Pike's Peak Railroad Company was expressly excepted. On March 15, 1872, the Atchison, Topeka & Santa Fe Railroad Company acquired a portion of the right of way of the Atchison & Pike's Peak Railroad Company to the extent of 42½ feet. This appears to be the only right of way acquired by the plaintiff upon the premises. The right of way of plaintiff passes from the east to the west through defendants' land, and divides it practically in the middle.

Soon after plaintiff constructed its track and commenced to operate its road, it placed planks in the track to conform to the planking placed in the track of the Central Branch Union Pacific railway, the two roads paralleling each other across this quarter-section of land, about fifteen feet apart. About 1882 plaintiff fenced its right of way and placed gates for the use of the defendants and others using this private driveway. There is a portion of the farm on each side of the railway in cultivation, and other portions used for pasture. There is some testimony tending to show that the gates have at various times been left open, in consequence of which the plaintiff railway company suffered some annoyance and inconvenience. Prior to February, 1892, some cattle belonging to Conlons were killed at this private crossing while being driven from the pasture across the railway track. Litigation followed, and afterward the plaintiff took out the gates and nailed up wires to prevent further trouble; these were by the defendants torn out as often as they were rebuilt. The defendants insist that they have a right to use this private way to reach the public highway, and also to reach the other portion of the farm. The railway company in-

Railway Co. v. Conlon.

sists that the private crossing is not a necessity, nor a matter of right to be enjoyed by defendants.

The general findings necessarily include all the special findings necessary and proper to support the judgment. This would necessarily include the finding that the private road had been used for such length of time that the plaintiff is estopped from questioning such use, or that the same is necessary for the use of defendants to enable them to have access to the public highway and to the other portions of the farm.

A railway company cannot arbitrarily and unnecessarily use its right of way so as practically to destroy the use of a material, substantial part of a farm through which the road runs, nor is it required to go to the expense of constructing and maintaining private farm-crossings, but the landowner has a reasonable right to maintain farm-crossings at such places as the necessities of his farm demand, so that they will not interefere with the paramount use of the railway company. The necessities of the farm owned by the defendants seem to require a crossing as heretofore maintained, and the use of such private crossing does not appear necessarily to interfere with the paramount use of the right of way of the railroad company. The railroad company must, however, maintain gates, when necessary, in its right-of-way fence for the use of the landowner in the enjoyment of his private roadway. (*Kansas Cent. Ry. Co. v. Allen*, 22 Kan. 285; *Atchison & N. R. Co. v. Gough*, 29 id. 94; *K. C. & E. Rld. Co. v. Kregelo*, 32 id. 608, 5 Pac. 15; *Railroad Co. v. Cosper*, 42 id. 561, 22 Pac. 634.)

The judgment must be affirmed.