Shauck, C. J.
The notices which the plaintiff gave to the defendant indicate that in his view he might require a farm crossing to be constructed by the railroad company, or at its. expense, although he acquired his land upon one side of the track after the construction of the railroad. That such right is conferred upon him by Sections 3327 and 3328 of the Revised Statutes is the view now urged in the brief of his counsel. To the contrary, it is urged that the burden ds imposed upon the company in those cases only in which by the construction of the railroad it divides a tract of land *233 which is then in the same ownership. And much reason for that view is found in the language of the two sections referred to and of Section 3329 which limits their operation. This view of the statute was taken by the courts below.
While we do not question the correctness of their conclusion with respect to the conditions of the company’s liability for the expense of constructing the crossing, we think it clear that the conclusion affords no support to the judgments which they rendered. The notices given by the plaintiff are suggestive of an intention to resort, after the completion of the crossing by himself, to the right of action given by the concluding clause of Section 3328 to recover the cost thereof “in an action against such company.” But such action had not been brought by him. The bringing of such actiqn could not be effectively anticipated by a suit for a mandatory injunction which lies to compel a party to restore a status which he has wrongfully changed. But the plaintiff had done no more than to exercise his right as owner of the land subject to the paramount rights of the company to construct, at his own expense, a farm crossing suitably located and necessary to the reasonably convenient use of his lands upon both sides of the track, the crossing to be constructed and maintained without interfering with the operation of trains, that being the paramount right of the company. That he has such right is neither asserted nor denied by counsel. The right is entirely consistent with the purposes for which the company acquired its right of way and its existence appears to be generally recognized. Housatonic R. R. Co. v. Waterbury, 23 Conn., 101; Kan- *234 sets Central Ry. Co. v. Allen, 22 Kan.; 285; Atchison & Neb. R. R. Co. v. Gough, 29 Kan., 94; Chicago, Kan. & Western R. R. Co. v. Cos'per, 42 Kan., 561. There being no action to recover from the company the expense of the construction of the crossing by the plaintiff, the controversy between the parties has been at a range too long to be effective.

Judgments reversed.

Summers, Spear and Davis, JJ., concur.
Price, J., dissents.