No. 22,759.

JESS CHAMBERLAIN, *Appellee,* v. THE MISSOURI PACIFIC RAILWAY COMPANY, *Appellant.*

SYLLABUS BY THE COURT.

FARM CROSSING—*Over Railroad Right of Way—Full Compensation for Right of Way Previously Paid to Landowner—Writ of Mandamus Denied.* Where a railway company acquired a right of way across a farm in 1885, and at that time paid the owner the full compensation for all the damages, matured, continuing and prospective, which he thereby sustained, the railway company cannot be compelled, under a statute enacted many years later, to furnish a crossing over the railway and to construct it at its own expense to connect the two parts of the farm divided by the railway, since such an application of the after-enacted statute would deprive the railway company of its property without compensation, and deny to it that equal protection of the law which is guaranteed by both the state and federal constitutions.

Appeal from Sedgwick district court, division No. 1; RICH-ARD E. BIRD, judge. Opinion filed July 10, 1920. Reversed.

*W. P. Waggener, J. M. Challis,* of. Atchison, and *O. H. Bentley,* of Wichita, for the appellant.

*Thomas C. Wilson, Jean Madelene,* and *Charles B. Hudson,* all of Wichita, for the appellee.

The opinion of the court was delivered by

DAWSON, J.: This was an action to compel the defendant railway company to construct, at its own expense, a private crossing over defendant's railroad track and right of way which runs through the farm of the plaintiff in Sedgwick county. The purpose was to furnish the plaintiff a convenient crossing to connect the two parts of his farm which were divided in 1885 by the construction of the railway. In 1885, the defendant railway's predecessor procured by condemnation and by deed from plaintiff, and by the payment of $2,502.40 in cash therefor, a right of way through this farm, and a railway has been continuously operated thereon since that time.

In 1911, the legislature enacted:

"Whenever any railroad, either steam or electric, shall run through any farm so as to divide it, such railroad at the request of the owner of such farm, shall construct, keep and maintain, a crossing either on, over or under such railroad track, at some convenient place, which crossing shall be so constructed as to permit ready and free crossing thereon, by animals, farm implements and vehicles. (Gen. Stat. 1915, § 8466.)

"That through the fences on either side of the right of way of such railroad, at such crossing, such railroad shall construct, keep and maintain gates so as to permit the passage of animals, farm implements and vehicles. (Id., § 8467.)

"If upon such request being made, such railroad shall fail, neglect or refuse to construct such crossing and gates, or to keep the same in repair, then the owner of such farm may, by appropriate action, compel such railroad to so construct, keep and maintain such crossing and gates, or such owner may construct or repair such crossing and gates, and then collect from such railroad the cost thereof." (Id., § 8468.)

An alternative writ of mandamus being issued on plaintiff's application, the defendant answered as to the facts, set up its deed from plaintiff issued in 1885, and raised all pertinent defenses under the state and Federal constitutions.

The trial court decreed:

Chamberlain v. Railway Co.

"That peremptory writ of mandamus be and the same is hereby allowed, directed to the said defendant, Missouri Pacific Railroad Company, commanding it to forthwith construct, keep and maintain, at its own cost, a crossing on, over or under its railroad track at some convenient place on the premises of the plaintiff, Jessie Chamberlain, which crossing shall be so constructed as to permit ready and free crossing thereon by animals, farm implements and vehicles."

The defendant appeals.

Twenty-six years before the enactment of 1911 the defendant's predecessors in title and interest bought and paid for, and also acquired by condemnation, all the rights which defendant now possesses and which affect the plaintiff. All the inconvenience, matured, continuing and prospective, of which he now complains was included in and compensated for by the payment of $2,502.40 in 1885. (15 Cyc. 715, 800-803, 895, 896 and notes.) The plaintiff's right and the defendant's liability in this lawsuit, if any, are based upon the act of 1911. Is that act constitutional? Defendant says its effect, as interpreted in the trial court's judgment, is to reconfer on plaintiff part of what was taken from him in 1885 by condemnation, and to return to him part of what he sold to defendant's grantors by his right-of-way deed; and that the act bestows on him gratis what defendant's grantors paid their money for thirty-five years ago. The act of 1911 and the judgment based thereon, according to defendant, impair the obligation of the contract of the parties made in 1885, take the defendant's property without just compensation, take the defendant's property for a private purpose, and deny the defendant the equal protection of the law.

We have no present concern with the act of 1911 so far as it may affect the duties of railway companies towards private farm owners where rights of way which divide farms have been established since 1911, nor are we now writing a treatise on this general subject. (See 22 R. C. L. 785-787, 873-875.) Our present concern is with the objections to the act of 1911 as applied to the rights which defendant acquired in 1885. A way of convenience or of necessity to connect two parts of a farm, divided by a railroad or otherwise divided, is a private, and not a public, right. Presumably there are—or can and should be—public roads in the neighborhood whereby a landowner may have access to the divided parts of his property.

(*K. C. Rly. Co. v. Allen*, 22 Kan. 285; *A. & N. Rld. Co. v. Gough*, 29 Kan. 94; *K. C. & E. Rld. Co. v. Kregelo*, 32 Kan. 608, 5 Pac. 15; *C. K. & W. Rld. Co. v. Cosper*, 42 Kan. 561, 22 Pac. 634. See, also, *Ferguson v. Ferguson*, 106 Kan. 823, 189 Pac. 925.) But if the chief object of the creation of a roadway or crossing is to serve the necessity of a private person, the servient estate must ordinarily be compensated at the expense of the person benefited thereby. (Gen. Stat. 1915, § 8767.) Why should not the defendant railway company be compensated for subjecting its property to an easement for a private farm crossing? Still more, why should the railway company construct such crossing at its own expense? A legislative act which thus discriminates between a railway company and all other property owners is subject to constitutional infirmities. Most of defendant's objections to this act were similarly raised in *Railroad Co. v. Utilities Commission*, 98 Kan. 667, 158 Pac. 863, but in that case it was not necessary to determine the questioned constitutionality of the statute. Here our responsibility to declare the law must be met and discharged. Here we are bound to hold that the text and spirit of both state and Federal constitutions (Kansas Bill of Rights, §§ 1, 2 and 18; U. S. Const., 14th Amendment; *Winters v. Myers*, 92 Kan. 414, 140 Pac. 1033; *The State v. Wilson*, 101 Kan. 789, 795, 796, 168 Pac. 679) are violated in the act of 1911 when applied to railroads whose rights of way were acquired, and paid for, and in use long prior to that enactment. To compel the defendant to furnish this crossing and to construct it at its own expense would be to deprive it of its property without compensation, and would deny to it that protection of the law which the railway company, equally with all other persons and corporations, is guaranteed under both the state and federal constitutions. The supreme courts of other states have also reached this conclusion in similar cases. (See *Railway v. Rowland*, 70 Tex. 298, and citations; *People v. Railway*, 79 Mich. 471, and citations; Note, Ann. Cas. 1915 C, 1192.)

Reversed, with instructions to enter judgment for defendant.