### CALIFORNIA ZINC CO. et al. v. UNITED STATES.

#### No. 47594.

Court of Claims.

July 7, 1947.

George Herrington, of San Francisco, Cal. (Orrick, Dahlquist, Neff, Brown & Herrington, of San Francisco, Cal., on the brief), for plaintiffs.

W. H. Churchwell, of Washington, D. C., and David L. Bazelon, Asst. Atty. Gen., for defendant.

Before WHALEY, Chief Justice, and WHITAKER, MADDEN, JONES and LITTLETON, Judges.

WHITAKER, Judge.

This case is before us on defendant's demurrer grounded on a misjoinder of parties and of causes of action.

Plaintiff California Zinc Company was the owner of some zinc mines in the State of California and plaintiff Railway Company was the owner of a railroad from the mines to Pitt Station in the State of California. It is alleged that a large part of the mines and practically all of the railway either have been or necessarily will be inundated by the back waters caused by the erection of the Shasta Dam in California. Each of the plaintiffs sue for the taking of their property. Defendant says that since the Zinc Company has no interest in the railway, and the Railway Company has no interest in the zinc mines, each has a separate cause of action which cannot be combined in one suit.

The petition alleges that the Glidden Company, a paint manufacturer, owned all the stock in the Zinc Company and the Zinc Company owned all the stock in the Railway Company. The Glidden Company operated the Zinc Company in order to secure an adequate and continuous supply of zinc and its derivatives. The Zinc Company operated the Railway Company to transport the zinc from the mines to the nearest common carrier, which was the Southern Pacific Company. The mines were in a remote section of the California mountains. The only means of access to them was over the lines of the Railway Company.

Plaintiffs allege that the operation of the mines and the Railway Company was a single integrated enterprise, and they argue that the mines and the railway should be regarded as a single property, for the taking of any part of which plaintiffs are entitled to recover not only the value of the part taken but also the consequent damage to the remainder. They say the taking of the railway largely destroyed the value of that part of the mines not taken because without the railway the zinc ore could not be taken out of the mountains. This resulting damage they say they are entitled to recover.

It is obvious that this damage cannot be recovered if plaintiffs are not entitled to maintain this joint action. In a separate suit by the Railway Company no recovery could be had for damage to property it did not own. Nor could the Zinc Company recover for the damage to its mines resulting from the taking of some one else's property. But it may be supposed that the consequential damage to the mines resulting from the taking of the railway was much greater than the value of the railway itself. Plaintiffs' right to recover this consequential damage, if any, will be denied unless they are permitted to maintain this joint action.

There is respectable authority for their right to recover it. The Fourth Circuit Court of Appeals in an opinion by Judge Parker in the case of United States v. Powelson, 118 F.2d 79, 88, held:

"As heretofore stated, the Nottely land formed a part of the unitary enterprise for which the property of the power company had been acquired, and that company was entitled, upon the taking of a part of the property, to recover the total damage sustained from the taking, including the damage resulting to the remainder of the property not taken. The fact that a portion of the remainder might lie in another state ought not preclude a recovery necessary to adequate compensation. Cf. Atchison & N. R. Co. v. Gough, 29 Kan. 94; note 57 L.R.A. at page 948.

"The fact that title is held by a subsidiary corporation, all of whose stock is owned by the power company, should not preclude recovery; for the damage falls upon the power company through depreciation in the value of the stock, just as clearly as if title were held by it. If the subsidiary corporation holding the title were made a party to the suit, therefore, it would be proper to award to the power company damages with respect to this property held for it as a part of a unitary enterprise. The case presented would clearly be one where the court should look through form to substance and disregard the corporate entity of the holding corporation in the interest of substantial justice, particularly since any damage to the Nottely lands would be mirrored in the depreciation in value of its stock held by the power company. Taylor v. Standard Gas & Electric Co., 10 Cir., 96 F.2d 693, at page 706; Centmont Corporation v. Marsch, 1 Cir., 68 F.2d 460; New Colonial Ice Co. v. Helvering, 292 U.S. 435, 54 S.Ct. 788, 78 L.Ed. 1348; Industrial Cotton Mills v. Com'r, 4 Cir., 61 F.2d 291; Consolidated Indiana Coal Co. v. National Bituminous Coal Comm, 7 Cir., 103 F.2d 124. We cannot ignore, however, the fact that title to the lands is in the subsidiary corporation. Cleveland Trust Co. v. Consolidated Gas, E. L. & P. Co., 4 Cir., 55 F.2d 211; and before the respondent is permitted to receive the award made on account of these lands, that corporation should be made a party to this proceeding so that it will be bound by the judgment."

This holding was not challenged by the Supreme Court, although the case was reversed on other grounds. 319 U.S. 266, 63 S.Ct. 1047, 87 L.Ed 1390.

See also State v. St. Paul Union Depot Co., 42 Minn. 142, 43 N.W. 840, 6 L.R.A. 234.

■ Where it is necessary to do so in order to do justice, the courts have not infrequently disregarded the separate corporate entities and treated the two corporations as one. United States v. Reading Co., 253 U.S. 26, 40 S.Ct. 425, 64 L.Ed. 760, and cases there cited; Southern Pacific Co. v. Lowe, 247 U.S. 330, 337, 338, 38 S.Ct. 540, 62 L.Ed. 1142; Gulf Oil Corporation v. Lewellyn, 248 U.S. 71, 39 S.Ct. 35, 63 L.Ed. 133.

■ If we treat the property of the Railway Company as in reality the property of the Zinc Company, as in fact it was under the allegations of the petition, then the Zinc Company probably would be entitled to recover for any consequential damage to its remaining property as the result of the taking of the railway.

Whether or not on the taking of proof it will develop that the operations of the Zinc Company and the Railway Company were indeed such a single integrated enterprise that would entitle the Zinc Company to recover consequential damages to the whole property as a result of the taking of the railway we do not finally decide; but we do hold that the two companies are entitled to maintain this joint action so that this issue may be fully presented.

Defendant's demurrer will be overruled. It is so ordered.

MADDEN, JONES, and LITTLETON, Judges, concur.

WHALEY, Chief Justice, took no part in the decision of this case.