[Civ. No. 3799.  Second Appellate District, Division One.—April 29, 1922.]

## LUELLA P. JACKSON, Respondent, v. LEONARDT & PECK (a Copartnership), Appellant.

[1] NEGLIGENCE — COLLISION BETWEEN AUTOMOBILE AND CONCRETE-MIXER — ACTION FOR DAMAGES — EVIDENCE. — In this action for damages for injury caused to plaintiff's automobile when it collided with a concrete-mixer owned by the defendant, the evidence showing that defendant had a permit to maintain and use the mixer at the point in question, where it was being used in mixing the cement which entered into the construction of a certain building, that such mixer was so placed that it would not unnecessarily obstruct travel, or be likely to produce injury to those who, using reasonable care, might travel upon the street, that the size and construction, and the location, of the mixer were such that it was plainly visible to one approaching it, and that plaintiff, in full daylight, ran into a corner of the hopper, which was attached to an arm of the mixer, thereby causing the hopper to break loose

from its attachment and come down and rest on plaintiff's machine, thereby causing the damage complained of, failed to establish against defendant any negligent act authorizing a recovery.

APPEAL from a judgment of the Superior Court of Los Angeles County. Albert Lee Stephens, Judge. Reversed.

The facts are stated in the opinion of the court.

LeRoy M. Edwards for Appellant.

Cooper, Collings & Shreve for Respondent.

JAMES, J.—Plaintiff, by the judgment of the trial court, was awarded damages because of the alleged negligent act of the defendant in maintaining upon the street an obstruction with which the automobile of the plaintiff collided. Defendant has appealed.

[1] It is the contention of appellant that the plaintiff failed to establish against it any negligent act authorizing the recovery. This contention seems to be borne out by the evidence as the record shows it. At the time in question a building was being constructed at the northwest corner of Seventh and Figueroa Streets, in the city of Los Angeles. On Seventh Street, and approximately one hundred feet from the corner, in the street but close to the curb line, was a concrete-mixer owned by the defendant and used in mixing the cement which entered into the construction of the building. Seventh Street at that point runs in an approximately easterly and westerly direction and its intersection with Figueroa forms nearly, if not quite, a right angle. Plaintiff, driving a motor coupe, and in full daylight, drove south along Figueroa and turned west on Seventh Street. Seventh Street was sufficiently broad to permit of free passage of vehicles without use of the space upon which the concrete-mixer was placed. The width of the mixer at its base, as it extended from the curb into the street, was about eight feet. There was a metal hopper attached to an arm of the machine, which could be let down or raised up by a cable attachment. On the day in question (being Sunday, and the machine not being in use) the hopper was in a raised position. When

raised the metal part of the hopper, at a distance of about six and a half or seven feet from the ground, extended out about two feet beyond the main body of the machine and toward the center of Seventh Street. When in that position the machine furnished less obstruction to traffic on the street than with the hopper lowered. As plaintiff was driving her automobile past the mixer the right-hand front corner of the top collided with a corner of the hopper. The force of the contact partially broke the hopper loose from its attachment and it came down and rested, when plaintiff's machine finally stopped, on the rear fender. The automobile of plaintiff was damaged considerably and several hundred dollars were expended to cover the cost of repairs.

Defendant was not a trespasser upon the street, as it held a regularly issued permit from the city authorities allowing it to maintain and use the mixer at that point. Its duty, of course, nevertheless, was to so place the machine that it would not unnecessarily obstruct travel, or be likely to produce injury to those who, using reasonable care, might travel upon the street. The mixer was a large contrivance standing about eight feet high and presented its whole outline to persons who might be approaching it. At the time of the accident, being the open day, there was no necessity for the placing of lights about it. Neither was it a thing which plaintiff, upon making the turn from Figueroa Street on to Seventh, was suddenly confronted with, for in her own testimony she stated that after turning the corner of the street she traveled for a distance of about one hundred feet before her automobile struck the mixer. Moreover, she testified that she *did not see the mixer at all* before she collided with it, which must be interpreted to mean that she did not look in the direction of it. If the machine, as was the fact, was plainly discernible in all of its projecting parts to those who traveled upon the street, and was so placed that contact with it might easily be avoided, it would follow that defendant had exercised all the care required of it in the circumstances. The negligence, if any there was, which produced the damage must be said to have been that of the driver of the automobile. Counsel for respondent argues that a barricade should have been built about the mixer. Such a barricade would

merely have added to the obstruction presented by the machine and could not have served to give any better notice of the presence there of the mixer than did the object itself. The evidence does not sustain the findings made by the trial judge.

The judgment is reversed.

Conrey, P. J., and Shaw, J., concurred.

A petition to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on June 26, 1922.

All the Justices concurred.

Shurtleff, J., was absent and Richards, J., *pro tem.*, was acting.