HANNAH R. T. WARREN, Appellant, *v.* THE STATE OF NEW YORK, Respondent.

Third Department, January 5, 1927.

**Highways** — action against State under Highway Law, § 176, for damage to automobile — claimant's automobile ran into State motor truck parked at side of highway — State employees were engaged in burning weeds and grass that had been raked into piles — fires were built at intervals — fire was built on side of road opposite to truck and wind carried smoke across road — accident occurred in October — negligence not shown on part of State or its employees — claimant guilty of contributory negligence in driving at thirty miles per hour into smoke cloud which obstructed view ahead — enabling act (Laws of 1924, chap. 647) construed.

In an action under section 176 of the Highway Law (as amd. by Laws of 1922, chap. 371) to recover for damage to an automobile caused by a collision between the plaintiff's automobile and a motor truck in use by State employees on a State highway, the evidence does not show any negligence on the part of the State or of the employees, since it appears that the accident occurred in October

and that at that time the employees were engaged in burning dead weeds and grass along the highway which they had raked into piles; that the piles of weeds and grass were several hundred feet apart and two or three had been set on fire just prior to the accident; that the motor truck which the employees were using was parked on the right-hand side of the highway with about two feet of its width on the macadam and a pile of weeds and grass on the opposite side of the highway was set on fire shortly prior to the accident; that the fire in question was about five hundred feet beyond a curve in the road; and the claimant contends that the smoke from the fire near the truck obscured the vision of her driver.

Under the circumstances, no reasonable man could have anticipated that the condition which is alleged to have existed by reason of the fire would subject travelers upon the highway to peril, and there was no negligence in failing to place a warning signal along the highway.

Furthermore, the driver of the claimant's automobile was guilty of contributory negligence, since it appears that he was driving at the rate of thirty miles per hour at the time he entered the alleged smoke cloud, with knowledge that he could not see any obstructions beyond, and that he did not apply the brakes until he was about to enter the cloud.

The enabling act (Laws of 1924, chap. 647) did not authorize the claimant to recover irrespective of whether or not she was guilty of contributory negligence.

DAVIS, J., dissents, with memorandum.

APPEAL by the claimant, Hannah R. T. Warren, from a judgment of the Court of Claims in favor of the defendant, entered in the office of the clerk of said court on the 22d day of April, 1925.

*Milford D. Whedon,* for the appellant.

*Albert Ottinger, Attorney-General [James Gibson, Deputy Attorney-General,* of counsel], for the respondent.

VAN KIRK, J.  The claimant, a woman eighty-one years of age, was riding in the front seat of a Packard automobile, which was driven by her son-in-law. She was traveling south on a State highway when the automobile collided with a Ford truck standing on the right-hand side of the road. This truck was being used by the employees of the State who were cleaning ditches and burning weeds, grass and leaves which had been raked in piles on the side of the road. The Ford truck carried the tools and other things for the men. It was left standing while the men were lighting the piles; having lighted piles in one place, it was moved to another. A stop at any place did not exceed ten minutes. The truck was so placed that two feet in width of the truck was on the macadam, the rest on the shoulder. Northerly of the truck not to exceed three fires had been lighted and each of them was north of the curve. This curve in the road is to the north of where the truck was standing, the nearest part of the curve being about 500 feet away, but a person traveling southerly could see the truck, looking within the side lines of the macadam, for a distance of 500 feet and within the fence lines of 600 feet, if his view be not obstructed

by smoke. The only smoke which obscured the truck was that from a fire which had just been lighted on the east side of the highway and was immediately opposite the truck. This smoke drifted across the road with an east wind.

The position of the claimant is that the smoke so obscured the view of the chauffeur and herself that they could not see the truck. The smoke from the two or three fires north of the curve had not been dense enough to obstruct their view. As they rounded the curve they saw the column, or cloud, of smoke where the accident happened. They claim that they entered this cloud at a rate of speed not in excess of twenty or twenty-five miles per hour. There is also testimony that some seventy-five feet back from this cloud of smoke the driver had shut off the gas and, when about to enter it, he applied his brakes. There is conflicting testimony as to the rate of speed, some saying it was thirty to thirty-five miles per hour, but the Ford truck was struck with such force that the right front wheel of the automobile was broken off, the axle dropped to the roadway and the car itself, so crippled, continued about one hundred feet, where it stopped in the ditch on the easterly side of the road. The damage necessitated repairs to the car which cost $2,000. The truck was driven about twenty feet by the impact and turned about or upset off the macadam. The court found that the car was proceeding at about thirty miles an hour at the time of the accident and the force of the blow, with the testimony as to speed, justifies the finding.

The Highway Law (§ 176, as amd. by Laws of 1922, chap. 371) provides: "The State shall not be liable for damages suffered by any person from defects in State and county highways, except between the first day of May and the fifteenth day of November on such highways as are maintained by the State under such system as the Commissioner of Highways may adopt pursuant to section one hundred and seventy, but the liability for such damages shall otherwise remain as now provided by law * * *." This accident happened October 21, 1922. The duty of the State in respect to its highways is limited to the construction and maintenance thereof in such manner as to render them reasonably safe to travel thereon. Defects which it is the duty of the State to remedy are such only as occasion dangers to travelers because of faulty construction, or failure to properly maintain the highways. (See *Best* v. *State*, 203 App. Div. 339; affd., 236 N. Y. 662.) In this case no defect in construction is charged. We need inquire only as to a defect which occurred during, and as the result of, improper maintenance and as to the liability of the State because of injuries occasioned thereby. The State must do the work which

is necessary to properly maintain the road and it must be privileged to do the work through its agents and to use the necessary instruments without incurring liability for an accident to a traveler, provided that, in so doing and using, it acts with reasonable care and caution against creating perils to travelers. Causes of danger may exist while doing necessary work on the highways with reasonable care and caution. Cleaning the ditches and burning the rubbish was necessary highway work and the truck was a reasonably necessary instrument to use in such work.

The court has found that the State was not negligent and the evidence justifies the finding. It was not an act of negligence to stop the truck temporarily on the side of the road while men were lighting the piles of weeds and leaves; and such temporary stopping did not create a defect in the highway. Nor was it negligent to burn the leaves on the east side of the road because the winds and air currents were from east to west and such burning was directly opposite the truck. This condition was but a temporary one. In order to make it appear to be dangerous to travel the column of smoke must pass uniformly in its course across the highway, and this is almost impossible when a strong wind is blowing as the claimant maintains. There was but this one fire within 600 feet of the truck and but this one separate column of smoke. Through the other smoke clouds to the north of the place of the accident claimant's witnesses say they could see and passed without apprehension of danger. No more would the men working there apprehend danger on account of these fires. Such a temporary condition as is complained of here should not be held to be a defect in the highway. But, if technically a defect, I do not think that the State or its agents can be held negligent for not having avoided it. A man is not negligent if, by his act, an alleged dangerous condition is created, unless he foresaw or ought to have foreseen and realized the danger the condition would occasion. In my view, under the circumstances here, no reasonable man would have anticipated that the condition which existed would subject travelers upon the highway to peril. The fires were not continuous, but widely separated. The men had not been warned of danger from such a condition by anything which had occurred in another place; the smoke from other piles was not sufficient to obscure the view along the highway. Nor would any reasonable man anticipate that one accustomed to driving an automobile would drive blindly through a column of smoke so dense as to entirely obscure the highway in and beyond it. Every such person must have realized that a vehicle may be stopped upon the highway and is likely to be. No reasonably prudent person would drive through such a column

of smoke at a rapid rate of speed. I conclude that the employees of the State were not negligent in the manner in which they were doing their work. Nor were they negligent in failing to place a warning or signal. What has been said just above applies to this. If they as reasonable men did not realize a danger to the traveling public they were not negligent in failing to put out a warning sign.

The Court of Claims was justified in finding that the proximate cause of the injury was the careless and reckless driving of Mr. Sheldon. This one column of smoke, the size of which is not described further than that it was sufficient to obscure the truck, was in plain view of the claimant and her driver for six hundred feet. The driver says that he did not slow up because he anticipated it would clear away before he reached it as had the other columns of smoke through which he had passed. It is true he did not know that the truck was stopped on the side of the road, but he certainly was not justified in driving blindly into a cloud of smoke which concealed objects beyond. He says he did not shut off his gas until about seventy-five feet from the column of smoke and that he put on the brake just as he was entering the smoke cloud. In another place it is said that he was then about twenty feet from the smoke cloud. He entered the cloud of smoke, the court has found, when going about thirty miles an hour. Such driving into such a condition was certainly reckless; and, without such reckless driving, the accident would not have happened.

The Enabling Act (Laws of 1924, chap. 647), after reciting the facts and conditions which attended the accident as claimed by claimant, provides: " If the court finds that such damages were so received and that said claimant was free from contributory negligence and that the State, its officers, agents or servants were guilty of negligence in the premises, such claim shall constitute a legal and valid claim against the State and the court may award to and render judgment for the claimant in such amount as shall be just and equitable." Whether or not this act enlarges the field of liability of the State beyond that fixed by the Highway Law (*supra*) an examination of the act persuades me that a recovery thereunder cannot be had. Whatever force the conclusion that " such claim shall constitute a legal and valid claim against the State " might seem to have standing alone, it was clearly left to the Court of Claims to determine whether or not judgment should go against the State; in the succeeding section of the Enabling Act is this: " Nothing in this act shall be construed as passing upon the merits of such claim or assuming liability on the part of the State, nor as debarring the State from interposing any legal or equitable defense to the

alleged claim or any part thereof, * * *." I understand that the Legislature may acknowledge, assume or create a liability on the part of the State and authorize its payment, but in this act it has specifically refused to recognize or assume a liability on the part of the State. Now among the recitals of the alleged facts and conditions upon which liability must rest is this: that the automobile in which claimant was riding was " then being driven by one Fred C. Sheldon in a careful and prudent manner." Whatever action the Court of Claims was authorized to take in regard to the liability of the State was subject to that condition. " The State cannot be sued without its consent and it has the right, in authorizing the maintenance of proceedings for the recovery of claims against it, to impose such terms and conditions and to prescribe such procedure as its legislative body shall deem proper. The conditions imposed become jurisdictional facts and determine the status and right of the litigant." (*Gates* v. *State of New York,* 128 N. Y. 221, 228; *Buckles* v. *State of New York,* 221 id. 418, 424.) But the court has found that Sheldon was at the time " careless and negligent in driving the automobile * * *. This carelessness and negligence of the driver * * * was the proximate cause of the collision." The evidence fully justifies this finding and I, therefore, think there can be no recovery under the Enabling Act.

Although one member of the Court of Claims dissented, the findings are still the findings of the court.

The judgment should be affirmed, with costs.

COCHRANE, P. J., HINMAN and MCCANN, JJ., concur; DAVIS, J., dissents with a memorandum.

DAVIS, J. (dissenting). In this case the triers of the fact have found that the claimant was free from contributory negligence, although the driver of the automobile was negligent; and the State was free from negligence. The vote was two to one against defendant's liability. On the same ratio a jury would have divided eight to four and there would have been no verdict. It is difficult to conceive that a jury would have rendered any verdict except for plaintiff on this state of facts.

As I understand the statute (Highway Law, § 176, as amd. by Laws of 1922, chap. 371), supplemented by the Enabling Act (Laws of 1924, chap. 647), the same rule of liability is imposed on the State as upon towns or individuals. (*Best* v. *State,* 203 App. Div. 339; affd., 236 N. Y. 662.) I will assume further that the truck parked partly upon the road was not a defect in the highway although that question is debatable. (See *Whitney* v. *Town of*

9

*Ticonderoga,* 127 N. Y. 40, 44; *Quinn* v. *Town of Sempronius,* 33 App. Div. 70; *Treman* v. *State,* 121 Misc. 862.)

But the parking of the truck beside a much traveled road and making a smoke screen before it, with no signals to indicate that repairs were going on or that a dangerous condition existed, constituted the negligent creation of an obstruction by the State's employees. (*Dashnau* v. *City of Oswego,* 204 App. Div. 189; appeal dismissed, 236 N. Y. 542; *Whitney* v. *Town of Ticonderoga, supra; Congreve* v. *Smith,* 18 N. Y. 79.)

Plaintiff riding in an automobile as a passenger, coming around a curve where the view was obscured, could not reasonably anticipate that proceeding at a moderate pace on the right-hand side of the road would result in running into such an obstruction. The negligence of the driver, if any, could not be imputed to her. (*Robinson* v. *N. Y. Central & H. R. R. R. Co.,* 66 N. Y. 11; *Hoag* v. *N. Y. Central & H. R. R. R. Co.,* 111 id. 199.)

The dogmatic statement in the findings below that " this carelessness and negligence of the driver of the automobile in which claimant was riding was the proximate cause of the collision " seems unsound. Proximate cause is defined as follows: " That which in a natural sequence, unbroken by any new cause, produces that event and without which that event would not have occurred." (*Rider* v. *Syracuse R. T. R. Co.,* 171 N. Y. 139, 147.) To say that the sole and proximate cause of claimant's injury was the act of the driver in proceeding through the smoke, and the obstruction played no part, seems unreasonable. In *Sweet* v. *Perkins* (196 N. Y. 482) it is said: " There may be more than one proximate cause of an accident, if each of the causes asserted can be seen to have been an efficient one, without which the injury resulting would not have been sustained. If the negligent acts of two or more persons concur in contributing to an accident, the injured person may hold them, jointly and severally, liable."

If the driver was negligent, he was concurrently liable with the State, and the plaintiff might sue one or both. But the driver's negligence would not excuse the State if sued alone unless it was the sole cause. (*Barrett* v. *Third Ave. R. R. Co.,* 45 N. Y. 628; *Ivory* v. *Town of Deerpark,* 116 id. 476, 486; *Roblee* v. *Town of Indian Lake,* 11 App. Div. 435, 439.) It may be suggested that by greater care the driver might have avoided the accident but that does not deprive claimant of her cause of action against the State for negligence. (*Carr* v. *Pennsylvania R. R. Co.,* 225 N. Y. 44, 47.)

Judgment affirmed, with costs.