[L. A. No. 23341. In Bank. Mar. 29, 1955.]

EDWARD J. HILDEBRAND, Appellant, v. ATCHISON, TOPEKA AND SANTA FE RAILWAY COMPANY (a Corporation) et al., Respondents.

S. L. Kurland and Robert H. Green for Appellant.

Robert W. Walker, Louis M. Welsh and William L. Pemberton for Respondents.

GIBSON, C. J.—Plaintiff was injured when his motorcycle collided with the locomotive of a train, and he seeks to recover damages from the Los Angeles Junction Railway Company and the Atchison, Topeka and Santa Fe Railway Company. At the conclusion of plaintiff's evidence, both defendants moved for a nonsuit. The motions were granted, and judgment was entered accordingly.

The train was operated by defendant Los Angeles Junction Railway Company, and since there is no evidence connecting the Atchison, Topeka and Santa Fe Railway Company with the accident, the nonsuit as to it was properly granted.

The accident occurred about 3 o'clock in the morning at the intersection of a railroad right-of-way and a four-lane highway. The weather was clear and dry, and there was very little traffic on the road. Plaintiff first realized that he was approaching a railroad crossing when he came over a rise in the road and the headlights of his motorcycle illuminated the locomotive about 100 or 150 feet ahead of him. He was then traveling about 35 miles per hour, and he immediately applied both hand and foot brakes with full force. The motorcycle struck the side of the locomotive, which was moving at a speed of about 5 miles per hour. There is evidence from which it can be inferred that no warning of the presence of the train was given by bells, whistles or other signals. Plaintiff had been over the route previously, but he was not very familiar with the area and did not know the exact location of the tracks.

It is not disputed that the evidence is sufficient to support a finding that defendant Junction Railway Company was negligent, and the only question presented is whether the evidence compelled the conclusion that plaintiff was guilty of contributory negligence.

In disposing of this question we must, of course, disregard all inconsistencies in the evidence and draw all reasonable inferences in favor of plaintiff. Although the evidence indicates that he was traveling at such a rate of speed that he could not stop within the range of his vision, it does not necessarily follow that he was negligent as a matter of law. As stated by the court in *Peri* v. *Los Angeles Junction Ry.*, 22 Cal.2d 111, 127 [137 P.2d 441], "Ordinarily it is not negligence as a matter of law for a motorist to drive at such a speed that he cannot stop within the range of his vision; it is a factual question." The record does not disclose any facts which would compel the conclusion as a matter of law that plaintiff's speed was excessive or that he was negligent in failing to discover the presence of the train sooner than he did or in failing to stop after seeing the train in time to avoid the accident. The cases of *New York Lubricating Oil Co.* v. *United Railroads*, 191 Cal. 96 [215 P. 72], and *Dolton* v. *Green*, 72 Cal.App.2d 427 [164 P.2d 795], are clearly distinguishable, since in each of them the evidence showed without contradiction that the person injured observed the train a sufficient distance away to permit him to stop and made no effort to avoid the collision.

The judgment in favor of defendant Atchison, Topeka and Santa Fe Railway Company is affirmed. The judgment in favor of defendant Los Angeles Junction Railway Company is reversed.

Shenk, J., Edmonds, J., Carter, J., Traynor, J., Schauer, J., and Spence, J., concurred.