[Civ. No. 8683.   Third Dist.   Nov. 30, 1955.]

BANK OF AMERICA NATIONAL TRUST AND SAVINGS ASSOCIATION (a National Banking Association), as Administrator With the Will Annexed, etc., Appellant, v. GEORGE E. BEARD et al., Respondents.

Leroy P. Anderson for Appellant.

Carlton & Shadwell for Respondents.

SCHOTTKY, J.—Appellant, as administrator, commenced an action against respondents to recover on a promissory note executed by respondents in favor of Cordelia McTarnahan, deceased, in the principal sum of $1,500. Respondents filed an answer denying that the promissory note had not been paid in full and alleging "that on June 14,

1949, Cordelia McTarnahan executed and delivered to the defendants an acknowledgment that said note was paid in full and acknowledging that she had received full payment thereunder and that she no longer had any claim against said defendants because of the execution of said promissory note.''

Following a trial before the court sitting without a jury, the court found in accordance with the allegations of the answer and rendered judgment in favor of respondents.

Appellant has appealed from the judgment and its sole contention is that the judgment is contrary to the evidence.

The record shows that Cordelia McTarnahan was the aunt of respondent George E. Beard. George E. Beard testified that partial payments were made on the note, in the total sum of $204.81, by three checks dated February 1, 1949, March 1, 1949, and June 12, 1949, respectively. On or about June 14, 1949, George E. Beard paid Cordelia McTarnahan $800 in cash, and received from her a written release signed by her, indicating that the note had been satisfied in full. This release was introduced in evidence and respondent George E. Beard testified that it was prepared at his aunt's request and that she signed it.

Appellant offered no evidence to dispute the genuineness of the release, or to show that it had been obtained by fraud, coercion or mistake. The only evidence offered to support the contention that there is still a balance due on the note was the testimony of Leroy P. Anderson, appellant's attorney at the trial. Mr. Anderson testified to conversations between Mrs. McTarnahan and respondent George E. Beard in April, 1950, made in the presence of Mr. Anderson and George McCartney, in which Mrs. McTarnahan asked respondent what he was going to do about paying the balance on the note, and in which said respondent stated that he would pay it as soon as he could make arrangements. Respondent George E. Beard denied having been asked that by Mrs. McTarnahan. He was not asked whether he had at that time promised to pay a balance still due, and there is no admission by him anywhere in the record of any such statement. George McCartney was not produced to give his version of the conversations in question. Appellant offered no other evidence.

Appellant argues that the record shows that respondent George E. Beard made statements after the date of the written acknowledgment indicating that he still owed money on the note. Appellant states:

"It is the contention of the Appellant that the Respondent, George E. Beard made declarations against interest on April 29 and 30, 1950. That his statements of said dates, were sufficient to overcome the effect of the purported receipt dated June 14, 1949."

"The declarations of George E. Beard of April 29 and 30, 1950 were proof that he owed a balance on the Promissory Note."

"The Finding of Fact that said Promissory Note was paid and satisfied in full on the 14th day of June, 1949, should be set aside on the ground that it is contrary to the evidence in the case."

It is apparent that the issue on this appeal is one of fact and that the evidence is conflicting. Appellant's argument is but an argument as to the weight of conflicting evidence.

■ Issues of fact must be determined by the trial court, and an appellate tribunal is bound by the familiar rule that before it can be justified in reversing a judgment upon the ground of the insufficiency of the evidence, it must appear from the record that accepting the full force of the evidence, together with every inference favorable to the prevailing party which may reasonably be drawn therefrom, and excluding all evidence in conflict therewith, it still appears that the law precludes such party from recovering a judgment.

■ The following from the oral opinion of the trial court is fully supported by the record:

". . . There is affirmative testimony, not directly contradicted or apparently acceptable [susceptible] of direct contradiction at this time, that in consideration of a payment of eight hundred dollars in cash made before such sum or the greater part thereof was due, and for the convenience in another transaction of the obligee, and further for considerations of a personal character, that the said obligee did make in writing a release in satisfaction of the obligation. The intention of the payee of the note to release it by such document is possibly somewhat impeached by the testimony of the later reference thereto, but the document itself is explicit and if genuine has in it more convincing weight than testimony respecting oral statements made at a later date. At least, I believe the law to be that if at the time the obligee did knowingly and explicitly release an obligation it would be released regardless of what she might say about it thereafter. The document is explicit in term; it is payment of a time obligation before it is due as an additional consideration.

The signature appears generally compatible with that found on the checks, whose genuineness is not disputed. The lady at the time may have made a poor bargain, but considering the family relationship involved she was free if she chose to act in part for motives not commercial in character.

"I find the balance of probability to be that she at that time did intend to, and effectively did, release the obligation."

The judgment is affirmed.

Van Dyke, P. J., and Peek, J., concurred.