[Civ. No. 16948.   First Dist., Div. Two.   Mar. 20, 1957.]

MARTA J. TEILHET, Respondent, v. THE COUNTY OF
SANTA CLARA, Appellant.

O. Vincent Bruno for Appellant.

Boccardo, Blum, Lull, Niland & Teerlink, Heber N. Teerlink and Edward J. Niland for Respondent.

DOOLING, Acting P. J.—This is an appeal from a judgment entered pursuant to a jury verdict in favor of plaintiff. Defendant county of Santa Clara states in its notice of appeal that it is also appealing from orders denying a motion for judgment notwithstanding the verdict, denying a motion for new trial, and denying a motion of nonsuit. Although the latter two orders are nonappealable they can be reviewed on the appeal from the judgment.

Respondent sought in this action to recover for personal injuries and damage to her automobile incurred as a result of an automobile collision on Junipero Serra Boulevard, a highway of appellant county. It is respondent's theory that the cause of this collision was the dangerous or defective condition of appellant's highway at the time of the accident.

On July 24, 1952, appellant county was engaged in burning weeds along its right of way adjacent to its highway where the accident occurred. At about 2:30 p. m. on that day respondent, driving in a northerly direction in her Morris-Minor convertible car, approached the area where the burning operation was being conducted. She had about two hours previous to this time passed this same area while burning operations were in progress. Respondent stopped her car behind a black car which had stopped a few feet south of a concentration of smoke that was across the road. At this point there was a fire to her right and in front of her along

the right of way. Respondent testified that a wisp of smoke was coming across her car at this time. The black car moved on through the smoke and respondent then proceeded in first gear up the highway. She had traveled about one or two car lengths through the smoke when she collided with another car coming from the opposite direction. At this time she was not driving over 10 miles an hour. She did not see this car before the impact, but testified that immediately before the impact she could see about a car length ahead of her.

Liability is sought to be imposed upon appellant county under the terms of section 53051 of the Government Code. That section provides:

"A local agency is liable for injuries to persons and property resulting from the dangerous or defective condition of public property if the legislative body, board, or person authorized to remedy the condition:

"(a) Had knowledge or notice of the defective or dangerous condition.

"(b) For a reasonable time after acquiring knowledge or receiving notice, failed to remedy the condition or to take action reasonably necessary to protect the public against the condition."

Appellant first argues that there was no showing of a dangerous or defective condition of public property in this case. In making this contention it asserts that the dangerous or defective condition contemplated by the statute must be a tangible defect and that smoke in the atmosphere over a public highway cannot constitute such a condition.

Appellant bases its argument in this respect on a distinction between "condition negligence" which appellant concedes properly falls within Government Code, section 53051, and "activity or conduct negligence" which it asserts can under no circumstances fall under that section. There are several cases in our reports which demonstrate that under the broad language of the section: "dangerous or defective condition of public property," the condition of the public property may be rendered "dangerous" within the meaning of the section by "the use or general plan of operation of government operated property, as well as by a structural defect." (*Bauman* v. *San Francisco,* 42 Cal.App.2d 144, 153 [108 P.2d 989]; *Harper* v. *Vallejo Housing Authority,* 104 Cal.App.2d 621, 624-625 [232 P.2d 262]; *Plaza* v. *City of San Mateo,* 123 Cal.App.2d 103, 108 [266 P.2d 523].) Specifically the carrying on of burning operations on public property according

to an established procedure has been held sufficient to render the property "dangerous" within the meaning of the section in *Huff* v. *Compton City Grammar Sch. Dist.*, 92 Cal.App. 44, 47 [267 P. 918]; *Pittam* v. *City of Riverside*, 128 Cal.App. 57, 65 [16 P. 768]; *Osborn* v. *City of Whittier*, 103 Cal.App. 2d 609 [230 P.2d 132].

Here the evidence shows that the procedure adopted by the county in annually burning the weeds and grass along the border of this highway had been established and uniform for a great many years. It was known from past experience that with the prevailing winds at that time of year smoke had from time to time been blown across the highway in such quantity as to completely obscure the view of drivers of automobiles using the highway. To argue that such a recurring condition could not render the highway "dangerous" to those drivers using it at the time is to ignore the plain implication of the cases above cited. In *Bauman* v. *San Francisco, supra,* a small child playing in a sand box in a public playground maintained by the defendant was injured by a ball batted by larger children playing baseball in the immediately adjoining area. The practice of older children of playing baseball in this area had continued for a considerable period of time. The court said at page 153 of 42 Cal.App.2d: "The jury was justified in finding that the playground was dangerous and defective for any of the following reasons: That the playground was rendered dangerous or defective by the negligence of appellant in permitting the playing of hard baseball in dangerous proximity to the sand box; that under the circumstances here existing it was the duty of appellant, if hard baseball was to be permitted to be played . . . to erect some barrier for the protection of those playing in the small children's section; or the appellant negligently failed to properly supervise the playground by either failing to prevent the boys from playing hard baseball in dangerous proximity to the small children's section or in negligently failing to keep the small children away from the sand box when hard baseball was being played nearby."

Every alternative suggested by the court in this quoted passage except the absence of a barrier is "activity or conduct negligence" and not "condition negligence" as appellant uses those terms in his brief. The reasonably foreseeable occasional batting or throwing of a ball over or into the sand box, as a result of the known activity of hard baseball being played in its vicinity, was the basic fact which rendered the condition

of the sand box "dangerous" in the Bauman case. ▮ The reasonably foreseeable intermittent obscuring of the vision of motorists using the highway by smoke from the burning grass and weeds was the basic fact which rendered the highway dangerous in the case before us. On principle we cannot distinguish the one from the other, nor from the other cases above cited in all of which a customary activity in the use of the property was held sufficient to render the property "dangerous."

Appellant persists in the argument that it has been erroneously held liable under the doctrine of *respondeat superior,* for some momentary negligence of its employees. This is not the basis of its liability, but rather as we have shown, a dangerous condition of the highway created by its customary and usual method of burning weeds along its edges.

Cases from other jurisdictions, and notably *Warren* v. *State,* 219 App.Div. 124 [219 N.Y.S. 530], relied upon by appellant, dealt with statutes containing narrower language than the "dangerous or defective condition" of Government Code, section 53051. They are not helpful in construing our statute in which the word "dangerous" has been construed broadly by the cases. (*Smith* v. *County of San Mateo,* 62 Cal.App.2d 122, 130 [144 P.2d 33].)

Appellant argues further that even if we regard the evidence as sufficient to show a dangerous condition of the highway it adopted adequate safeguards for the public using it. ▮ The evidence shows that two of the men had red flags to control passing motorists when necessary for their safety. No instructions were given the men as to the manner in which traffic was to be controlled. The evidence shows further that only one man in practice used the red flag at any time, the other man supplied with a flag being unable to do so because necessarily engaged in the burning operation. This resulted in no control of traffic passing through the smoke from one direction, even if one man was stationed with a flag to control traffic passing in the other direction. Whether this was such a control of traffic under the circumstances as to amount to an exercise of ordinary care to prevent injury to persons using the highway certainly presented a question for the jury.

The evidence shows that one McGill, Assistant Road Commissioner for appellant, although not present at the time of the accident, had charge of the crew engaged in this burning operation. It further shows that he had knowledge of the

customary method of procedure and that such procedure was being followed on that day. Appellant admits that McGill was a "person authorized to remedy the condition" within the meaning of Government Code, section 53051. He knew that in the course of the burning smoke from time to time would probably obscure the view of motorists traveling over the highway as it had done in the past, he knew that no directions were given to the workmen as to the control of traffic and that no provision was made to control traffic in both directions no matter how much the vision of motorists might be obscured and he failed to take any steps to remedy this condition. The conditions of liability, if the jury found the facts favorable to plaintiff, were therefore complete. ▓ Where the person authorized to remedy the dangerous condition has notice in advance that because of the manner in which the work is done a dangerous condition will probably occur and takes no steps to remedy it the conditions of liability of the statute are satisfied. (*Fackrell* v. *City of San Diego*, 26 Cal.2d 196, 206-207 [157 P.2d 625, 158 A.L.R. 773] ; *Mulder* v. *City of Los Angeles*, 110 Cal.App. 663, 668 [295 P. 485].)

There is nothing in *Watson* v. *City of Alameda*, 219 Cal. 331 [26 P.2d 286], inconsistent with this rule. In that case the city's employees who were painting white lines on the street were apparently furnished with barriers to protect the public from walking on the freshly painted surface but failed to use them. The opinion points out at page 332: "Nor does the record contain any suggestion that the absence of warning signs or barricades was actually made known to any of these officers." In our case the method of traffic control which the jury found inadequate was well known to McGill from long experience.

Appellant's argument that respondent was guilty of negligence as a matter of law in driving through smoke so thick as to obscure her vision is contrary to the California law. While some jurisdictions have adopted the rule that it is negligence as a matter of law for a driver to proceed where he cannot stop his car within the range of vision this rule has not been followed by our courts. "Ordinarily it is not negligence as a matter of law for a motorist to drive at such a speed that he cannot stop within the range of his vision; it is a factual question. [Citing many cases.]" (*Peri* v. *Los Angeles Junction Ry. Co.*, 22 Cal.2d 111, 127 [137 P.2d 441].)

In *Bixby* v. *Pickwick Stage Co.*, 131 Cal.App. 739 [21 P.2d 972], one of the cases cited with approval in the Peri case,

the court said at page 741: "It is almost uniformly the rule that whether the conduct of a person in driving into smoke, fog, dust or mist offends the doctrine of ordinary care, is ordinarily a question to be determined by the court or jury."

The question of respondent's contributory negligence was properly left to the jury. Appellant was not entitled to its proposed instruction that if plaintiff had knowledge of the condition of the road the jury should return a verdict for the county.

Appellant's proposed instruction on what constitutes a reasonable time to "repair" a dangerous or defective condition after notice was misleading under the facts. It was not a question of *repairing* anything. How does one *repair* smoke across a highway? The statute uses the verb "remedy," and in any event the jury was properly instructed under the facts of this case: ". . . it is not . . . the existence of a dangerous condition itself which renders the County liable, but the failure, if any, of the County, for a reasonable time after knowledge or notice of the condition, to take action reasonably necessary to protect the public against the condition.

"Now, here again, the burden of proof is on the plaintiff, that is, the plaintiff must persuade you by a preponderance of the evidence that the County failed to take action reasonably necessary to protect the public against the condition within a reasonable time after it had knowledge of such a dangerous condition or that a dangerous condition would be created by the act it directed to be done."

Appellant's criticisms of this and other instructions given by the court on the subject of the basis of its liability depend largely on its arguments already disposed of. The jury was instructed that the only basis of liability must be found in Government Code, section 53051, which was read to it in full. The court then took up each requirement of that section and carefully and properly instructed the jury thereon. The jury to find appellant liable under these instructions must have found: 1. that a dangerous condition existed in the highway at the time of the collision; 2. that McGill had notice that such condition was reasonably foreseeable; 3. that the customary method of doing the burning did not provide reasonably adequate protection for the public against this dangerous condition; and 4. that McGill, with knowledge of that fact, failed for a reasonable time to provide for such adequate protection.

The court made it perfectly clear that the only basis of liability must be a dangerous condition of the highway, coupled with the other conditions set out in Government Code, section 53051. ▮ The appellant requested no instruction in terms that liability could not be based on the individual negligence of one of the employees on the job, although the instruction that all of the elements of section 53051 must be proved to warrant a recovery by plaintiff negatives the possibility of a recovery on the basis of *respondeat superior*. Having failed to request such specific instruction appellant cannot complain that none was given. (*Ornales* v. *Wigger,* 35 Cal.2d 474 [218 P.2d 531].)

Judgment and order denying judgment notwithstanding the verdict affirmed. Appeals from orders denying nonsuit and new trial dismissed.

Kaufman, J., and Draper, J. pro tem.,* concurred.

---

*Assigned by Chairman of Judicial Council.