[Civ. No. 5791. Fourth Dist. Feb. 13, 1959.]

WILLIE LAND, Appellant, v. ARCHIE G. GREGORY, Respondent.

16

Lewis Garrett and Lionel Richman for Appellant.

Thompson & Colegate and Robert D. Allen for Respondent.

MUSSELL, Acting P. J.—This is an action for damages for personal injuries alleged to have been sustained by plaintiff when an automobile in which she was riding collided with a pickup truck being driven by the defendant Archie G. Gregory. The action was dismissed as to the fictitious defendants and trial was had by the court sitting without a jury. The court found, *inter alia*, that the defendant "did not operate his said pickup truck in a careless and/or negligent and/or reckless manner, but on the contrary, the Court finds that at all times mentioned in said Complaint defendant Archie G. Gregory was driving and operating his said pickup

truck with due care and caution. The Court finds that the collision between the said pickup truck driven by defendant Archie G. Gregory and the automobile in which plaintiff was riding was directly and proximately the result of an unavoidable accident insofar as defendant Archie G. Gregory was concerned.'' The trial court rendered judgment that plaintiff take nothing from the defendant Archie G. Gregory by reason of her complaint and she appeals therefrom, contending that the evidence is insufficient to support the findings and judgment.

The collision occurred on May 23, 1955, near the city of Chino on Riverside Drive, an east-west two lane highway, a few feet east of its intersection with Palmetto Street, which runs north and south. The manner in which the accident occurred is essentially undisputed.

The defendant testified that he was driving his newly-purchased 1955 green one-half ton pickup truck on Riverside Drive, in a westerly direction and within his proper lane, at approximately 40 miles per hour; that a gray pickup truck passed him about a quarter of a mile from Palmetto Street, returned to its proper lane and was proceeding 300 to 400 feet ahead of him; that when he was within approximately 100-150 feet behind the gray pickup he saw the brake lights go on and the driver give a hand signal for a right turn; that he was ''Just driving normally, she was going to make a right turn signal, so I applied the brakes to slow down, not definitely to stop then, only to let her have time to make the turn so that I could go on''; that at that time the left front wheel on his truck ''seemed to swerve across the road''; that the steering wheel pulled on his hand and that his vehicle turned abruptly to the left; that ''there was a screeching sound and I was almost off the road. I seen this car coming at that time then and he was applying the brakes heavily and then I heard the crash.'' Defendant's testimony in this respect was corroborated by Allen Basque, a passenger in defendant's truck, who testified that when the defendant applied his brakes his truck ''seemed like it went to the left, jerked to the left.'' In this connection William Land, plaintiff's husband and driver of the 1955 Studebaker automobile involved in the collision, testified that he was traveling easterly in the eastbound lane of Riverside Drive at a speed of approximately 55 miles per hour; that he observed defendant's pickup truck traveling westerly within the westbound lane on Riverside Drive and that when his car was approximately 50 feet from the defend-

ant's truck, "It came across rather abruptly." "He just angled right across my lane."

Defendant further testified that he purchased a new 1955 Chevrolet pickup truck on April 14, 1955; that about a week before the accident occurred he had the first thousand mile checkup; that he had had no other checkup or any mechanical difficulty and had had no trouble with the brakes, the steering wheel, or either of the front wheels; that just prior to the accident he did not notice anything abnormal in the manner in which his truck was operating; that he drove it home from the scene of the accident and had no difficulty with the brakes or other mechanical difficulty, and that when his truck was in the garage for repairs following the accident, the left front wheel was checked and "they didn't find one thing wrong."

An examination of the highway made immediately after the collision disclosed a single black skid mark, commencing just within the westbound lane and adjacent to the center white line and apparently made by the left front tire of defendant's truck. The skid mark was a few feet in length and extended at a 45 degree angle toward the southwest into the eastbound lane. There were no other skid marks made by defendant's vehicle.

The undisputed evidence herein is amply sufficient to support the trial court's finding of lack of negligence on the part of the defendant Archie G. Gregory. The question of his negligence was one of fact for the trial court. As is said in *Ferrell* v. *Matranga*, 92 Cal.App.2d 620, 622 [207 P.2d 654]:

"The question of negligence is generally one of fact for the jury, and its finding thereon, if supported by substantial evidence, is binding upon a reviewing court. It is only when there is no substantial conflict as to the facts, and from the facts reasonable persons can draw only the inference that a defendant was negligent, that the reviewing court will disturb the verdict of the jury rendered in favor of a defendant."

When a finding of fact is attacked on the ground that there is not any substantial evidence to sustain it, the power of an appellate court *begins* and *ends* with the determination as to whether there is any substantial evidence contradicted or uncontradicted which will support the finding of fact. (*Primm* v. *Primm*, 46 Cal.2d 690, 693 [299 P.2d 231].) Every intendment and presumption not contradicted by or inconsistent with the record on appeal must be indulged in in favor of the judgment herein. (*Walling* v. *Kimball*, 17 Cal.2d 364, 373 [110 P.2d 58].) To be entitled to a

judgment based on negligence, plaintiff must prove that defendant's act or wrongful omission was the proximate cause of plaintiff's injury. The question of whether plaintiff sustained the burden of establishing that defendant's negligence was the cause in fact from which her injuries resulted was for the trier of facts, and since there is substantial evidence that the injury may be reasonably attributed to a cause for which no liability attached to defendant, it was proper to find against plaintiff on the issue of negligence. (*Hill* v. *Matthews Paint Co.*, 149 Cal.App.2d 714, 723 [308 P.2d 865].)

Appellant contends that the disputed facts clearly show that the defendant violated section 525 of the Vehicle Code in crossing the center line of the highway; that such conduct was the proximate cause of plaintiff's injuries; that driving on the wrong side of the highway was prima facie evidence of negligence; and that the burden was on defendant to prove excuse or justification of such prima facie negligence. However, the trial court found that defendant was not negligent and the issue of negligence being one of fact, we are not vested with jurisdiction to retry that issue. (*Zorich* v. *Petroff*, 152 Cal.App.2d 806, 813 [313 P.2d 118]; *Bank of America* v. *Beard*, 137 Cal.App.2d 405, 407 [290 P.2d 87].)

 In *Alarid* v. *Vanier*, 50 Cal.2d 617 [327 P.2d 897], it was held that the presumption of negligence which arises from the violation of a statute is rebuttable and may be overcome by evidence of justification or excuse; that the correct test is whether the person who has violated a statute has sustained the burden of showing that he did what might reasonably be expected of a person of ordinary prudence, acting under similar circumstances, who desired to comply with the law; that in that case the evidence presented a question for the jury as to whether defendant took sufficient steps to meet his obligation to maintain his brakes in good condition. In the instant case the evidence is sufficient to support the finding that the defendant did what might be expected of a person of ordinary prudence, acting under similar circumstances.

 The so-called defense of inevitable accident is nothing more than a denial by the defendant of negligence, or a contention that his negligence, if any, was not the proximate cause of the injury. (*Butigan* v. *Yellow Cab Co.*, 49 Cal.2d 652, 658-659 [320 P.2d 500].) We are not here dealing with the question of the effect of instructions to a jury on "unavoidable accident" and, the finding of the trial court that the collision was directly and proximately the result of an

unavoidable accident insofar as the defendant Archie G. Gregory was concerned is not inconsistent with the finding that at all times mentioned in the complaint said defendant was driving and operating his pickup truck with due care and caution.

Judgment affirmed.

Shepard, J., and Stone, J. pro tem.,* concurred.

*Assigned by Chairman of Judicial Council.