[Civ. No. 6643.   Fourth Dist.   Feb. 15, 1962.]

JOHN BARRY et al., Plaintiffs and Respondents, v. GLORIA BRUCE, as Administratrix, etc., Defendant and Appellant.

Jacobs, Jacobs, Nelson & Witmer and Paul B. Witmer, Jr., for Defendant and Appellant.

Butterworth & Smith and Thomas S. Mulligan for Plaintiffs and Respondents.

SHEPARD, J.—This is an action for damages for the death of a minor son. Defendant appeals from a judgment for plaintiffs.

## FACTS

On October 8, 1955, near 1 a. m., Richard Barry, age 15, was riding as a passenger in a Chevrolet automobile in a southerly direction on Harbour Boulevard about one mile south of Talbert Road in Orange County. His companions were Carl Woodcock and Ronald Edmison, age 17 (called Edmundson in reporter's transcript). Edmison drove. Suddenly another automobile, which was stopped in Edmison's travel lane, loomed up in front of him, 100 to 125 feet away. Edmison saw no lights on that car. Edmison's car struck the parked car, a Plymouth two-door sedan, in the rear, before he had time to remove his foot from the throttle. The driver and owner of the Plymouth was appellant's deceased, James Man-

ning. A passenger, Oscar Sonsteng, was with Manning. Both Manning and Barry were killed. While conflicts appear in the evidence, our statement of facts recognizes the rule that all conflicts must be resolved in favor of the judgment. (*Butler* v. *Nepple*, 54 Cal.2d 589, 597 [7] [6 Cal.Rptr. 767, 354 P.2d 239].)

Attendant evidence showed considerable drinking of alcoholic beverages by all parties concerned during the hours of the preceding evening. There was no conclusive evidence of intoxication. There was some evidence showing a .05 per cent alcoholic blood content report on Edmison and discussions between court and counsel indicate the parties had conceded the alcoholic blood content on blood tests after the accident to have been .22 per cent in Manning and .10 per cent in Edmison with an acknowledgment that .15 per cent was the recognized stage for a clear showing of intoxication. However, we have been unable to discover this evidence or stipulation in the record and counsel have not pointed out where it can be found. No exhibits were brought to this court.

Appellant's counsel refers to such a stipulation in respondent's opening statement, but that statement was merely a prediction of what the evidence would show. It was not itself in the form of a stipulation. However, even assuming such a stipulation was presented, it would not materially alter the results.

Witnesses arriving after the accident found Manning's lights off and the light switch in "off" position. There was evidence of statements made after the accident by Edmison which were in conflict with his trial testimony. The visible evidence on the road indicated the point of impact as on the westerly southbound traffic lane about four feet east of its westerly edge.

### NEGLIGENCE OF MANNING

First, appellant contends that the evidence did not support the finding of negligence on the part of Manning. She reasons that Manning, being dead, was entitled to the application of the presumption of due care; that the testimony of the persons who arrived after the accident saw no lights on Manning's car and the light switch "off" and the testimony of Edmison that he saw no lights when the stopped car loomed up in front of him in his traffic lane was insufficient to overcome this and other presumptions. We find no merit in this contention. Ordinarily, questions of negligence, proximate cause and contributory negligence are questions for the

trier of fact. (*Austin* v. *Portland Cement Co.*, 44 Cal.2d 225, 234 [12-13] [282 P.2d 69].) ■ Credibility of witnesses and what weight shall be given to different portions of the testimony likewise belong in the province of the trier of fact. (*Johnstone* v. *Morris*, 210 Cal. 580, 589 [7] [292 P. 970]; *State of California* v. *Day*, 76 Cal.App.2d 536, 548 [1] [173 P.2d 399].) ■ "Whether a particular inference *can* be drawn from certain evidence is a question of law, but whether the inference *shall* be drawn, in any given case, is a question of fact . . ." for the trier of fact. (Italics ours.) (*Blank* v. *Coffin*, 20 Cal.2d 457, 461 [2] [126 P.2d 868].)

■ "When a finding of fact is attacked on the ground that there is not any substantial evidence to sustain it, the power of an appellate court *begins* and *ends* with the determination as to whether there is any substantial evidence, contradicted or uncontradicted, which will support the finding of fact.

■ "When two or more inferences can reasonably be deduced from the facts, a reviewing court is without power to substitute its deductions for those of the trial court." (*Brewer* v. *Simpson*, 53 Cal.2d 567, 583 [1, 2] [349 P.2d 289].) ■ The trial court had before it sufficient evidence to find that Manning stopped his car on the main travelled portion of the road at night without lights. This was unlawful. (Veh. Code, §§ 627, subd. (c), now 24803, and 582, now 22504.) It produces a presumption of negligence. This is, except where made conclusive by statute, a rebuttable presumption. Appellant had the burden of producing evidence to justify or excuse such action unless such justification or excuse appeared in respondent's own evidence. No such excuse or justification appears or was even suggested. (*Alarid* v. *Vanier*, 50 Cal.2d 617, 621 [1-2] [327 P.2d 897]; *Land* v. *Gregory*, 168 Cal.App.2d 15, 19 [5-9] [335 P.2d 141]; *Ewing* v. *Balan*, 168 Cal.App.2d 619, 622 [2-1b] [336 P.2d 561].)

CONFLICTING THEORIES OF ACTION

■ Appellant next contends that because respondent pleaded two causes of action, one against Manning and one against Edmison, and because in the cause of action separately pleaded against Edmison, respondent alleged on information and belief intoxication and wilful misconduct against Edmison and because appellant did not deny such allegation, the trial court was bound to find such intoxication and wilful misconduct against Edmison. Appellant pursues this further

by contending that such conduct by Edmison is chargeable to Richard Barry because the boys were on a joint venture and the drinking was done with Richard's knowledge. With this contention we cannot agree. Count 1 and count 2 are against different defendants. They are not interdependent. They simply show that respondent was in doubt as to who was liable and for that reason pleaded two causes of action in one complaint. Appellant was under no legal obligation to answer respondent's second cause of action and the fact that he did so cannot be seized upon to bind the court to a finding that the allegations were true. (*Lambert* v. *Southern Counties Gas Co.*, 52 Cal.2d 347, 353 [11] [340 P.2d 608].) Furthermore, the trial court found, on sufficient facts, that Barry and Edmison were not engaged in a joint venture. The evidence was insufficient to compel, as a matter of law, a finding of contributory negligence imputable to Barry. The cases cited by appellant to support her position are those in which the direct pleading and answer between the same parties established the truth of the matter involved as between them. Here the allegations were on information and belief and against different parties.

Operating at a speed which does not permit the car to be stopped within the radius of headlight illumination does not, standing alone, establish negligence as a matter of law. The question of negligence, under such circumstances, remains one of fact. (*Black* v. *Southern Pac. Co.*, 124 Cal.App. 321, 329 [3] [12 P.2d 981] ; *Peri* v. *Los Angeles Junction Ry. Co.*, 22 Cal.2d 111, 127 [13] [137 P.2d 441] ; *Teilhet* v. *County of Santa Clara*, 149 Cal.App.2d 305, 310 [3] [308 P.2d 356] ; *Hildebrand* v. *Atchison, T. & S. F. Ry. Co.*, 44 Cal.2d 196, 198 [3] [281 P.2d 249].)

The judgment is affirmed.

Griffin, P. J., and Coughlin, J., concurred.