[Civ. No. 8162.   Fourth Dist., Div. One.   Jan. 17, 1967.]

CHARLES J. LORINCIE, Plaintiff and Appellant, v. SAN DIEGO GAS & ELECTRIC COMPANY, Defendant and Respondent.

Schall, Nielsen & Boudreau and Leland C. Nielsen for Plaintiff and Appellant.

Luce, Forward, Hamilton & Scripps and Jack W. Crumley for Defendant and Respondent.

WHELAN, J.—Plaintiff appeals from a judgment of nonsuit in a jury trial in favor of defendant San Diego Gas and Electric Company (Company) in a personal injury action.

## FACTS

The following is the evidence viewed most favorably for the plaintiff.

On January 24, 1963, plaintiff Lorincie was driving a pickup truck southerly on Rancho Santa Fe Road; at that time Company was conducting a ditching and pipeline operation along the westerly portion of the paved roadway. In ditching, Company placed the soil upon the roadway between the ditch and the double center line, thus reducing the traveled portion of plaintiff's side of the roadway by half.

Company's employees had finished for the day, leaving about 200 feet of open trench with the spoil piled up alongside. There were no signs or barriers indicating that there was construction going on in the area, nor were there any speed reduction signs. The lighting conditions were such that artificial lights were not required, although plaintiff had his head lamps lighted.

Plaintiff had seen the excavation and was proceeding at a reduced speed. The right wheels of his vehicle were running over pieces of the earth at the toe of the soil pile and his left wheels were just on his side of the double line dividing the northbound and southbound lanes.

A second or so before the accident occurred, plaintiff saw a vehicle coming from the opposite direction. The vehicle was coming at a high rate of speed and attempting to negotiate a curve in the road. Plaintiff saw it starting to cross the center lines. He cramped his wheels but had no place to go; the pile of spoil prevented him from moving any farther to the right. The two vehicles collided, causing plaintiff's truck to be shoved across the trench.

The work was being done under a permit from the County of San Diego. There is no evidence that it was being done in violation of the permit or of any applicable county ordinances.

Company was not authorized to close the highway entirely to traffic.

For a part of the course of the ditch it had passed under a state highway carried overhead by a bridge, and for the portion of the work that was within the transverse right-of-way of the state highway Company had a state permit. That stretch of road is not involved.

Attempt was made to show by oral testimony that the involved portion of the road was a state highway on a temporary basis; that there was a sign along the road at one point that said "State Highway."

There was testimony from the same witness, which was later stricken, that no utility would be allowed to have the spoil of its operations encroach on a state highway to a point where it forced traffic over the center lines.

An objection was sustained to the question put to plaintiff whether he could have avoided the other vehicle if the dirt had not been there.

## DID THE COURT ERR IN GRANTING THE MOTION FOR NONSUIT?

If, taking the evidence as a whole and allowing all justifiable inferences in favor of plaintiff, a reasonable inference might be drawn therefrom that Company acted negligently and that such negligence was a proximate cause of the injury, the court would have erred in granting the motion for nonsuit. In considering that question, we consider also the correctness of the rulings on the admissibility of evidence and the possible effect of excluded evidence upon the main problems.

The two primary matters to be considered are negligence and causation. Those two elements would be bridged in a sense if there were a reasonable foreseeability of the happening of such an accident as the result of Company's operations.

## THE PLEADINGS

The allegations of the complaint charging negligence of Company are as follows:

"At said time and place defendant SAN DIEGO GAS AND ELECTRIC COMPANY was conducting ditching and pipe line operations on the west side of said Rancho Santa Fe Road at said location and negligently and carelessly failed to post warning signs or signals of said construction operations or to stripe the road properly for traffic under said circumstances and negligently and carelessly was disposing of the spoil from said ditch on the travelled portion of said roadway."

It was not alleged that the work was being done in violation of the terms of either a permit or an ordinance.

The pretrial order contained no elaboration of or addition to the allegations of negligence against Company.

## RULINGS ON EVIDENCE

Whether, but for the presence of the earth, plaintiff could have avoided the accident could only be determined from a consideration of a number of factors, including an approximation of the speed of Yaklin's car and its distance from plaintiff's vehicle when plaintiff sought to turn to the right. There was no testimony as to either of those matters,

nor whether plaintiff was able to testify to them. Even an expert would not have been permitted to give an opinion without a consideration of those factors. (*Kahn* v. *Triest-Rosenberg Cap Co.*, 139 Cal. 340, 347 [73 P. 164].) Under the facts, plaintiff's nonexpert opinion on that subject was inadmissible.

The testimony about a sign was not evidence that the stretch of road on which the work was being done was a state highway. Section 24, Streets and Highways Code, defines what is meant by a state highway. Other sections of the same code provide for change in the location of a state highway (§ 71); the incorporation into the state highway system of other highways (§§ 81, 82 and 111.5); and for permits to make an excavation in a state highway (§ 670).

█ Whether a highway is a state highway sometimes may be a matter of law; or it is a matter of fact to be determined by the court from records of the California Highway Commission.

The highway in question was not a state highway and the stretch of road where the accident occurred was not within the right-of-way of a state highway. Company was not required to have a permit under section 670, Streets and Highways Code, for the work it was doing on the stretch of highway where the accident occurred.

█ Since the highway in question was not a state highway, there was no error in excluding evidence as to the custom and practice regarding ditching operations on state highways.

It appears, moreover, from plaintiff's testimony, that the standard testified to by his witness in the stricken answer had been met.

### QUESTION OF CAUSATION

Authorities are inapplicable that deal with situations where one was injured as the result of physical contact with an obstruction on or defective condition of the highway, unaffected by the concurrent action of another vehicle or person. (See *Mosley* v. *Arden Farms Co.*, 26 Cal.2d 213 [157 P.2d 372, 158 A.L.R. 872].)

Of those authorities dealing with situations in which concurrent action, either negligent or nonnegligent, of another vehicle or person played a part in the ultimate result, together with a static condition on a public highway, some fall within roughly-defined groups involving the following typical fact situations:

Plaintiff, in that part of the street where he should be under

normal circumstances, is struck by a vehicle that has come onto its wrong side of the road as the result of the defective condition by which the vehicle has been deflected unintentionally onto plaintiff's side. (*Duran* v. *Gibson,* 180 Cal.App. 2d 753 [4 Cal.Rptr. 803].)

Plaintiff, rightfully in the position where he is, has been struck by a vehicle whose driver, as the result of a defective condition, or to avoid an obstruction or hazard, voluntarily drives into the area occupied by plaintiff. (*Campbell* v. *City of Palm Springs,* 218 Cal.App.2d 12 [32 Cal.Rptr. 164]; *Mecchi* v. *Lyon Van & Storage Co.,* 38 Cal.App.2d 674 [102 P.2d 422, 104 P.2d 26]; *Fennessey* v. *Pacific Gas & Elec. Co.,* 20 Cal.2d 141 [124 P.2d 51].)

Plaintiff, in order to avoid a collision with a vehicle that wrongfully comes onto plaintiff's side of the highway, encounters the defective condition and is injured directly as the result of such contact. (*County of Alameda* v. *Tieslau,* 44 Cal.App. 332 [186 P. 398].)

Plaintiff, in order to avoid what appears to be an unexpected driving hazard, changes his course and encounters the defective condition or obstruction. (*Alderson* v. *County of Santa Clara,* 124 Cal.App.2d 334 [268 P.2d 792, 52 A.L.R. 2d 1393]; *Kline* v. *Barkett,* 68 Cal.App.2d 765 [158 P.2d 51]; *Breslin* v. *Fredrickson,* 152 Cal.App.2d 780 [313 P.2d 597].)

Plaintiff, as the result of the defective condition, has been involuntarily deflected from the portion of the street where he should be to his wrong side of the street, where he is injured. (*Thirion* v. *Fredrickson & Watson Constr. Co.,* 193 Cal. App.2d 299 [14 Cal.Rptr. 269]; *Teilhet* v. *County of Santa Clara,* 149 Cal.App.2d 305 [308 P.2d 356].)[1]

Plaintiff, to avoid the defective condition or obstruction, intentionally changes his course and while doing so is struck. (*Inai* v. *Ede,* 59 Cal.App.2d 549 [139 P.2d 76] [earlier opinion 42 Cal.App.2d 521 (109 P.2d 400)]; *Hansen* v. *Market Street Ry. Co.,* 64 Cal.App. 426 [221 P. 955]; *Jones* v. *City of South San Francisco,* 96 Cal.App.2d 427 [216 P.2d 25]; *O'Neill* v. *City of Port Jervis,* 253 N.Y. 423 [171 N.E. 694].)

In the present case, the allegedly dangerous condition did not cause Yaklin's car to cross the center lines of the highway, nor did it cause plaintiff to cross into the northbound lane; it was not the absence of warning signs which caused plaintiff to drive against the pile of earth; nor is it contended on appeal

---

[1]It is not clear in *Teilhet* on which side of the road the plaintiff was struck.

that it was the impact with the piled earth which produced the physical injuries claimed by plaintiff. Seen as a possible contributory cause to the accident, the pile of earth could only be regarded as something that blocked plaintiff's attempt to avoid the collision. Indeed, this is what he contends.

It may be granted that if an impending possible collision of two cars might have been avoided by the driver of one of them who was not at fault and the possible avenue of escape was negligently blocked by a third person, such conduct should not be ruled out as negligence that contributed proximately to a resulting accident. "An act may be negligent if the actor intends to prevent, or realizes that it is likely to prevent, another or a third person from taking action which the actor realizes is necessary for the aid or protection of the other." (Rest., Torts, § 305, p. 830.) If the action necessary for the protection of the injured person were self-help on his part, rather than protective action of a third person, the rule should be the same.

A situation somewhat analogous to that posited by the Restatement appears in *Matoza* v. *Southern Pac. Co.*, 59 Cal. App. 636, 638 [211 P. 252], where the court found a defendant negligent who, with knowledge of the danger, obstructed a private farm crossing traversing its railroad tracks thereby preventing plaintiff from removing his herd of dairy cows from a field of green alfalfa, in consequence of which four of the herd overate and died.

In the present situation, the inert presence of the earth, while not an active cause of the collision between the cars, may not be ruled out as a contributing factor.

### The Question of Negligence

We have mentioned a hypothetical situation in which one may be able to avoid the threatening action of another person by moving from the path of such threatening action, but the opportunity of escaping the danger is denied because the avenue is closed by the voluntary act of a third person who has observed all the circumstances and either has appraised or has had the opportunity of appraising them.

That situation differs significantly from the factual situation with which we deal. Here, the element of threatening danger to plaintiff did not exist at the time the trench was dug and the earth was piled alongside. Whether it reasonably was to have been foreseen that at that particular stretch of 200 feet a negligent motorist would cross over to the wrong side

of the road at the very moment another motorist happened to be there depends in part upon the fact that it is reasonably foreseeable that motorists sometimes will be negligent and go onto the wrong side of a highway, and in doing so sometimes will come into collision with a car traveling on its right side of the road. It is possible, too, in such a set of circumstances that the second motorist sometimes may be able to change his course or come to a stop thus avoiding the threatened collision. Therefore, whether the possibilities mentioned should reasonably have been foreseen is a question of fact in a particular case.

In considering whether an actual subsequent event should reasonably have been foreseen at the time a stationary obstacle was placed upon a highway, there must be taken into account the reasonably probable actions of other persons, of vehicles and natural causes which may make more hazardous the presence of the obstruction, or create a hazard under another form than is inherent in the mere presence of the obstacle.

The reasonable foreseeability of a hazard is an element to be considered in determining whether certain contemplated conduct in relation to the hazardous situation is actionable negligence; other elements that enter are the seriousness of injury to be apprehended, the possibility of guarding against the danger, and the reasonableness of requiring the person whose contemplated conduct is in question to refrain entirely from such conduct or to surround it with safeguards against all possible harmful effects, which involves a comparison of the utility of the conduct with the degree of the hazard which may be created thereby. Thus, conduct that on the part of one person might be negligent, may not be negligent on the part of another.

However, it requires more than the foreseeable possibility of injury from the negligent and unlawful act of another upon a public way to fix responsibility upon those having control of the public way in not taking all possible precautions against such possible injury. (*Campbell* v. *City of Santa Monica*, 51 Cal.App.2d 626 [125 P.2d 561].)

Where a contractor's work on a public street is being legally performed, the existence of a possible hazard from the legal performance of such operations does not create liability in the contractor. (*Klarquist* v. *Chamberlain & Proctor*, 124 Cal.App. 398 [12 P.2d 664]; see also *Jackson* v. *Leonardt & Peck*, 57 Cal.App. 512 [207 P. 500].)

### Discussion

█ In the case at bench, Company was excavating a pipeline ditch within the lateral boundaries of the paved portion of a highway. The public benefit of having the highway obstructed for as short a time as possible dictated the use of a ditching machine which could be used effectively only by piling the excavated earth alongside the ditch on the side nearer the center lines of the highway. The earth was so piled that it permitted plaintiff's car to travel as it did on the same side of the center lines of the highway without encroaching on the other side. At the same time, the earth served as a barrier for the open ditch. Company carried on its work legally under a permit from the county.

No precautions suggest themselves that might have been taken by Company to protect plaintiff from the hazard created by the illegal action of Yaklin. The presence of the pile of earth was obvious and was recognized by plaintiff, to whom the possible hazard was as readily foreseeable as to Company. The risk was such as is taken by one driving on a mountain highway with a single lane for traffic in either direction and with a wall of rock on one side.

We conclude, viewing the evidence in the light most favorable to plaintiff, resolving all conflicts in his favor, and giving him the benefit of all permissible inferences, that negligence on the part of Company has not been shown.

Judgment affirmed.

Brown (Gerald), P. J., and Coughlin, J., concurred.